1  **WAJDA LAW GROUP, APC**
   Nicholas M. Wajda (State Bar No. 259178)
2  3111 Camino Del Rio North, Suite 400
   San Diego, California 92108
3  Telephone: 310-997-0471
4  Facsimile: 866-286-8433
   E-Mail: nick@wajdalawgroup.com
5  *Attorney for Plaintiff*

6

7                           **UNITED STATES DISTRICT COURT**

8                           **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATHANIEL R. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. **'21CV0998 L     MSB**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br><br>**JURY TRIAL DEMANDED** |

    **NOW COMES** Nathaniel R. Williams ("Plaintiff"), by and through the undersigned attorney, complaining of Midland Credit Management, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

    1.    Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

    2.    Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

    3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is domiciled in the Southern District of California, Defendant conducts business and maintains significant business contacts in the Southern District of California.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age.

5. Defendant is a debt collection agency organized under the laws of the state of Kansas with its principal place of business located at 350 Camino de la Reina, Suite 300, San Diego, California 92108. Defendant acted through its agents, employees, officers, members, directors, vendors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

6. Plaintiff incurred a personal debt with Credit One Bank for $802.08 ("subject debt").

7. Thereafter, Plaintiff fell behind on payments and Defendant acquired the right to collect on the subject debt.

8. Around April 2021, Defendant began placing phone calls to Plaintiff's cellular phone number (470) XXX-7907, in an attempt to collect on the subject debt.

9. Soon after Defendant's calls began, Plaintiff answered a call from Defendant and expressed that he no longer wanted to receive calls from Defendant.

10. Failing to acquiesce to Plaintiff's demand to cease calling, Defendant continued to call Plaintiff's cellular phone, with multiple calls taking place in one day and calls taking place on back-to-back days.

11. Defendant continued to place calls to Plaintiff's cellular phone, where Plaintiff again requested Defendant to stop calling him.

12. Defendant has also placed multiple calls to Plaintiff's cellular phone using Caller ID spoofing, which deliberately falsifies the information transmitted to Plaintiff's Caller ID

display to disguise the identity of the caller.[1]

13. Upon information and belief, Midland spoofed its caller ID in order to trick Plaintiff into answering its calls and willfully attempt to collect the subject debt from Plaintiff.

14. Despite knowing that Plaintiff did not want to receive any further calls, Defendant placed an additional 37 calls to Plaintiff's cellular phone following his request that the calls cease.

15. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling with such frequency as can be reasonably expected to harass.

16. Frustrated over Defendant's conduct, Plaintiff spoke with attorneys regarding his rights, with the hope of ending the harassing attacks and unfair practices by Defendant

## DAMAGES

17. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

18. Plaintiff has expended time and incurred costs consulting with his attorney as a result of Defendant's unfair, deceptive, and misleading actions.

19. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

20. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited phone calls, harassment, emotional distress, anxiety, and loss of

---

[1] In order to curtail caller ID spoofing, Congress enacted the Truth in Caller ID Act of 2009. Under the act, it is illegal "to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value...." Forfeiture penalties or criminal fines of up to $10,000 per violation (not to exceed $1,000,000) could be imposed.

3

concentration.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

25. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

27. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

28. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), and f, through its unlawful debt collection practices.

**a. Violations of FDCPA § 1692c**

29. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the

specific goal of oppressing and abusing Plaintiff into paying a debt the subject debt.

30. Moreover, Defendant was repeatedly notified by Plaintiff that Defendant's calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to Plaintiff.

**b. Violations of FDCPA § 1692d**

31. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the calls after Plaintiff put Defendant on notice that the calls cease.

32. Defendant violated §1692d(5) by causing Plaintiff's telephone to ring in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff.

**c. Violations of FDCPA § 1692f**

33. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff through harassing means. Defendant repeatedly attempted to coerce Plaintiff into making a payments, and continuously pressuring him to provide information about the subject debt. These means employed by Defendant only served to worry, harass and cause distress to Plaintiff.

34. Defendant had been told by Plaintiff to stop calling him multiple times. Nevertheless, it persisted with its phone call campaign in contacting him, and knew that its conduct was inconvenient and harassing to Plaintiff.

35. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through never-ending harassing phone calls to the phones of consumers in an attempt to collect on a debt.

5

36.    Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

37.    As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff Nathaniel R. Williams respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: May 26, 2021                                  Respectfully submitted,

By: */s/ Nicholas M. Wajda*
Nicholas M. Wajda (State Bar No. 259178)
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North, Suite 400
San Diego, California 92108
Telephone: 310-997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*